USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/1/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCER HEALTH & BENEFITS LLC,

    Plaintiff,

-against-

MATTHEW DIGREGORIO, JOANNE STEED, JADA PRESTON and LOCKTON COMPANIES, LLC,

    Defendants.

18 CV 1805

Case No.: _____

**ORDER TO SHOW CAUSE FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION**

Upon the Summons and Complaint, dated February 28 2018, the supporting Declarations of A. Michael Weber, Esq., Cory Lynn, Denise Pernice, Joanna Marini, Maggie Novo-Chavarry, Melanie Fava and Jeffery Rosier, the exhibits annexed thereto, and Plaintiff's Memorandum of Law in Support of its Motion for a Temporary Restraining Order, a Preliminary Injunction and Expedited Discovery, and pursuant to Federal Rule of Civil Procedure 65, it is hereby:

ORDERED, that Defendants Matthew DiGregorio, JoAnne Steed, Jada Preston (collectively the "Individual Defendants") and Lockton Companies, LLC show cause before this Hon John G. Koeltl Court, at Room 14-A, United States Courthouse, Southern District of New York, 500 Pearl Street, New York, New York, on March 15, 2018, at 10:30 o'clock in the A.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure:

    i.    Enjoining and restraining Defendants, and any person or entity acting in concert with them or under their supervision, through January 17, 2019, and as extended during any period that the Individual Defendants have breached their obligations to Mercer, from, soliciting or servicing, or inducing not to place business with Mercer, any clients of Mercer with whom any Individual Defendant had contact, or about whom

any Individual Defendant obtained Confidential Information and Trade Secrets, or for whom any Individual Defendant was responsible for making (or assisting or supervising the making of) sales to, or performing or providing (or assisting or supervising the performance or provision of) services or products on behalf of, Mercer, during the last two (2) years of his or her employment;

ii. Enjoining and restraining Defendants, and any person or entity acting in concert with them or under their supervision, through January 17, 2019, and as extended during any period that Defendants have breached their obligations to Mercer, from soliciting, or inducing to not place business with Mercer, any prospective clients of Mercer with whom any Individual Defendant had contact or from whom any Individual Defendant solicited business on behalf of Mercer during the last two years of his or her employment;

iii. Enjoining and restraining Defendants, and any person or entity acting in concert with them or under their supervision, through January 17, 2019, and as extended during any period that Defendants have breached their obligations to Mercer, from soliciting or endeavoring to cause Mercer employees with whom any Individual Defendant came into contact for business purposes or about whom any Individual Defendant obtained Confidential Information and Trade Secrets to leave employment with Mercer;

iv. Enjoining and restraining Defendants, and any person or entity acting in concert with them or under their supervision, from possessing, using, disclosing or disseminating Mercer's Confidential Information and Trade Secrets; and

    v.    Enjoining Defendants, and any person or entity acting in concert with them or under their supervision, from any other actions in violation of any Individual Defendant's contractual obligations or fiduciary duties owed to Mercer

ORDERED, that sufficient reason having been shown, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Defendants, and any person or entity acting in concert with them or under their supervision, are temporarily restrained and enjoined from:

    i.    soliciting ~~or servicing~~, or inducing not to place business with Mercer, any clients of Mercer with whom any Individual Defendant had contact, or about whom any Individual Defendant obtained Confidential Information and Trade Secrets, or for whom any Individual Defendant was responsible for making (or assisting or supervising the making of) sales to, or performing or providing (or assisting or supervising the performance or provision of) services or products on behalf of, Mercer, during the last two (2) years of his or her employment;

    ii.    soliciting, or inducing to not place business with Mercer, any prospective clients of Mercer with whom any Individual Defendant had contact or from whom any Individual Defendant solicited business on behalf of Mercer during the last two years of his or her employment [*such prospective clients are to be listed in a declaration to be filed by counsel for Mercer by 5 p.m. on Friday, March 2/, 2018*];

    iii.    soliciting or endeavoring to cause Mercer employees with whom any Individual Defendant came into contact for business purposes or about whom any Individual Defendant obtained Confidential Information and Trade Secrets to leave employment with Mercer; *and*

    iv.    possessing, using, disclosing or disseminating Mercer's Confidential Information and Trade Secrets~~.~~

3

~~v.   any other actions in violation of his contractual obligations or duty of loyalty to Marsh; and it is further~~

ORDERED, that the Plaintiff shall be permitted to seek discovery from Defendants on an expedited basis, ~~and~~ *specifically, to* take the depositions of Defendants, in ~~New York~~ *Florida*, between March 5, 2018 and March ~~30~~ *14*, 2018; *limited to four depositions each not to exceed 2.5 hours of on-the-record testimony; and Defendants shall be permitted to take depositions of similar length of plaintiffs' affiants in support of ~~its~~ preliminary relief;* ~~and it is further~~

~~ORDERED, that service of a copy of this Order upon counsel for Defendant Lockton by hand or by email before 5:00 p.m. on February 28, 2018 shall be deemed good and sufficient service; and it is further~~

ORDERED, that answering *briefs and* affidavits, if any, must be served by hand or by email on Plaintiff's attorneys of record in this action no later than 5:00 p.m. on March 7, 2018, and *a/* reply *brief and* affidavits, if any, must be served by hand or by email upon Defendants no later than 5:00 p.m. on March 13, 2018.

SO ORDERED:

Dated: ~~February~~ *March 1*, 2018
New York, New York

_Paul A. Engelmayer,_
_sitting in Part I_