UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MERCER HEALTH & BENEFITS, LLC,<br><br>          Plaintiffs,<br><br>- against –<br><br>MATTHEW DiGREGORIO, JOANNE STEED, JADA PRESTON, and LOCKTON COMPANIES, LLC,<br><br>          Defendants. | Docket No. 18 Civ. 1805 (JGK) |

## DECLARATION OF MATTHEW DiGREGORIO

Matthew DiGregorio declares and states as follows pursuant to 28 U.S.C. § 1746:

1. I am a defendant in the above captioned case.

2. I submit this declaration in support of the Defendants' Memorandum of Law in Opposition to Temporary Restraining Order and Preliminary Injunction (the "**Opposition**"). Unless otherwise specifically stated herein, I have personal knowledge of the matters set forth below and if called as a witness to testify, I could and would testify competently thereto.

3. I joined the Plaintiff, Mercer Health & Benefits LLC ("**Mercer**"), in 2010 as a Senior Associate and Sales Professional of Mercer. On or around February of 2013 or 2014, I became a Principal of Mercer.

4. On January 17, 2018, I sent my resignation letter to Cory Lynn at Mercer. That same day, I accepted a position with Southeast Series of Lockton Companies, LLC ("**Lockton Southeast**") as a Senior Vice President.

5. Prior to resigning my position at Mercer, I sent myself a copy of my Outlook contact list. My Outlook contact list consists of publicly available information, such as names,

1

addresses, phone numbers, and e-mail addresses for the contacts. My contact list does not include any notes about any Mercer client's business, such as preferences, lines of business, or pricing.

6. My contact list contains information that I gathered over many years, including prior to joining Mercer. The list includes friends, family, and professional contacts as well as well-known companies readily ascertainable as potential business opportunities. These names were accumulated from all types of personal and professional interactions over the course of approximately 18 years, including, among other things, attending trade shows and professional or networking events, doing internet research, reviewing directories, from business associates, and attending personal functions.

7. Frequently, I also reviewed IRS Form 5500s to learn critical information about prospective clients. My understanding is that a company with over one hundred (100) benefits participants is required to file an IRS Form 5500 with respect to their ERISA employee benefit plan. A company's IRS Form 5500 contains information concerning client pricing, preferences, when the policy expires, who the broker is, how much was paid to the broker, and a contact at the company responsible for health and benefits.

8. Each company's IRS Form 5500 is available for free on several websites, including the United States Department of Labor website. For example, annexed hereto as Exhibit A are copies of the IRS Form 5500 filed by six of the companies identified in declarations filed by Mercer employees in this action.

9. Lockton Southeast instructed me not to bring any Mercer documents or information to Lockton. I have not provided to Lockton Southeast any of Mercer's confidential documents or information.

10. I have not used any Mercer confidential documents or information since joining Lockton Southeast.

11. I did not retain any documents concerning client pricing, preferences, or renewal dates. To the extent I have such knowledge, it is based solely on my own recollection.

12. Upon joining Lockton Southeast, I sent an e-mail to everyone in my contact list advising them that I had joined Lockton Southeast. Those e-mails were not targeted to any specific individuals, but sent to all persons in my contact list. That e-mail did not ask any recipient to give me business. Exhibit G to the Declaration of Joanna Marini, dated February 26, 2018, contains an accurate copy of the e-mail that I sent to all of my contacts.

13. After joining Lockton Southeast, I called a Vice President of Human Resources for a Mercer client. *See* Declaration of Cory Lynn, dated February 26, 2018, at ¶30; Declaration of Joanna Marini, dated February 26, 2018, ¶¶6-8. That person is a personal friend and I called him on his personal cell phone to inform him of my new job. I did not solicit any business from him or his company.

14. The foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 7th day of March, 2018, at Miramar, Florida.

_____
MATTHEW DiGREGORIO