UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MERCER HEALTH & BENEFITS, LLC,

                       Plaintiffs,

  - against –

MATTHEW DiGREGORIO, JOANNE STEED, JADA PRESTON, and LOCKTON COMPANIES, LLC,

                       Defendants.

Docket No. 18 Civ. 1805 (JGK)

## DECLARATION OF JOANNE STEED

JoAnne Steed declares and states as follows pursuant to 28 U.S.C. § 1746:

1.    I am a defendant in the above captioned case.

2.    I submit this declaration in support of the Defendants' Memorandum of Law in Opposition to Temporary Restraining Order and Preliminary Injunction (the "**Opposition**"). Unless otherwise specifically stated herein, I have personal knowledge of the matters set forth below and if called as a witness to testify, I could and would testify competently thereto.

3.    I joined the Plaintiff, Mercer Health & Benefits LLC ("**Mercer**"), in 2007 as a Benefits Analyst of Mercer.

4.    On January 17, 2018, I sent my resignation letter to Cory Lynn at Mercer. That same day, I accepted a position with Southeast Series of Lockton Companies, LLC ("**Lockton Southeast**") as a Senior Account Executive.

5.    Prior to resigning my position at Mercer, I sent myself a copy of my Outlook contact list. My Outlook contact list consists of publicly available information, such as names, addresses, phone numbers, and e-mail addresses for the contacts. My contact list does not

1

2974841.1

include any notes about any Mercer client's business, such as preferences, lines of business, or pricing.

6. My contact list contains information that I gathered over many years, including prior to joining Mercer. The list includes friends, family, and professional contacts as well as well-known companies readily ascertainable as potential business opportunities. These names were accumulated from all types of personal and professional interactions over the course of approximately 15 years, including, among other things, attending professional or networking events, doing internet research, reviewing directories, purchased lists of prospects, and publically filed documents, such as IRS Form 5500s.

7. Lockton Southeast instructed me not to bring any Mercer documents or information to Lockton. I neither took from Mercer nor provided to Lockton Southeast any of Mercer's confidential documents or information.

8. I have not used any Mercer confidential documents or information since joining Lockton Southeast.

9. I did not retain any documents concerning client pricing, preferences, or renewal dates. To the extent I have such knowledge, it is based solely on my own recollection.

10. After joining Lockton Southeast, I notified certain of my former clients at Mercer that I had joined Lockton Southeast. I attended meetings with a hotel client and a restaurant client that are discussed in the Declarations of Denise Pernice, Maggie Novo-Chavarry, and Cory Lynn, each dated as of February 26, 2018, but the declarants do not accurately describe the circumstances of the meetings.

11. The foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 7th day of March, 2018, at Miramar, Florida.

