UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MERCER HEALTH & BENEFITS LLC,

                Plaintiff,

         -against-

MATTHEW DIGREGORIO, JOANNE STEED,
JADA PRESTON and LOCKTON COMPANIES,
LLC,

                Defendants.

---

Case No.: _____

**DECLARATION OF JEFFREY P. ROSIER**

---

**JEFFERY P. ROSIER**, declares pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury that the following is true and correct:

1.    I am employed as Senior Employment Counsel and Director of State Government Relations for Marsh & McLennan Companies, Inc. ("MMC"), the parent corporation for Mercer Health & Benefits LLC, ("Mercer"). I make this declaration on my own personal knowledge of the facts set forth below.

2.    I submit this declaration in support of Defendants Order to Show Cause seeking a temporary restraining order, a preliminary injunction and expedited discovery. Except where otherwise stated, I make this declaration based on my personal knowledge and/or based on Mercer's and MMC's books and records.

3.    On or about January 17, 2018, I learned that Defendants Matthew DiGregorio ("DiGregorio"), Jada Preston ("Preston") and JoAnne Steed ("Steed") each resigned their employment effective January 17, 2018, and immediately began working for Defendant Lockton Companies, LLC.

1

4.      Thereafter I learned that each of the Individual Defendants began soliciting clients with whom they had contact at Mercer, in breach of the non-solicitation agreements each Individual Defendants signed.

5.      On January 23, 2018, I sent a cease and desist letter to DiGregorio. The letter advised DiGregorio that he was in breach of his post-employment obligations under the Non-Solicitation and Confidentiality Agreements he signed and that Mercer would not hesitate to pursue any and all legal remedies necessary to enforce such obligations if he failed to comply with his obligation. A true and correct copy of the cease and desist letter is attached to this declaration as **Exhibit I**. I have not received a response from DiGregorio.

6.      On that same day, January 23rd, I emailed a copy of the cease and desist letter that I sent to DiGregorio to Zachary Skinner ("Skinner"), Vice Present and Transaction Counsel for Lockton.

7.      I wrote in my email to Skinner: "[a]s discussed, attached is the letter being sent today to Matthew DiGregorio, a former Mercer employee who resigned on January 17 to join Lockton. My understanding is that two others from Mercer's Florida office, JoAnne Steed and Jada Preston, have also resigned to join Lockton. I would very much appreciate if you would look into this matter, and confirm their commitment to honor their post-employment obligations to us." A true and correct copy of the email I sent to Skinner is attached as **Exhibit J**.

8.      On January 25, 2018, I sent separate cease and desist letters to Preston and Steed. The letters advised Preston and Steed that each was in breach of her post-employment obligations and that Mercer would not hesitate to pursue any and all legal remedies necessary to enforce such obligations.  True and correct copies of the cease and desist letters I sent to Preston

2

and Steed are collectively attached to this declaration as **Exhibit K**.  Neither Preston nor Steed responded to the letter I sent them.

9.     On January 26, 2018, I emailed Skinner copies of the cease and desist letters that I sent to Preston and Steed, and wrote in my cover email: "[a]ttached are letters sent yesterday to JoAnne Steed and Jada Preston, who left along with Matthew DiGregorio on January 17th. Hopefully we can catch up on this next week." A true and correct copy of my January 26th email is attached as **Exhibit L**.

10.     On or about January 31, 2018, I learned that Steed and Preston met with a hotel client they previously serviced as employees of Mercer to discuss work Steed and Preston could perform for the client at their new employer.

11.     Immediately after learning that Steed and Preston had visited a Mercer client to pitch work, I again emailed Skinner to inform him of Steed's and Preston's violations of their Non-Solicitation Agreements and to ask that Skinner "escalate this matter quickly so that it does not get out of hand." I reminded Skinner that Mercer "expected Ms. Steed and Ms. Preston to honor their obligations," even though "it appear[ed] they [were] . . . ignoring them." A true and correct copy of my January 31st email is attached as **Exhibit M**.

12.     Skinner acknowledged receipt of the email, but, upon information and belief, did not take steps to ensure that the Individual Defendants were honoring their obligations to Mercer, and did not otherwise confirm that Lockton would take steps to ensure the Individual Defendants compliance with their obligations to Mercer.

13.     On February 2, 2018, I emailed Skinner to ask for an update. A true and correct copy of my February 2nd email is attached as **Exhibit N**.

14.     Skinner did not provide an update. Instead, on February 5, 2018, in response to a February 2nd email, he wrote: "I have passed your letters on, but I am not working on this matter and have not received any updates. If you would like to discuss with someone in our legal department, please contact Trey Humphrey." A true and correct copy of Skinner's February 5th email is attached as **Exhibit O**.

15.     On February 12, 2018, I spoke with Trey Humphrey ("Humphrey") Executive Vice President and General Counsel of Lockton concerning the Individual Defendants' obligations under their Non-Solicitation and Confidentiality Agreements. Again, however, upon information and belief, Lockton took no action to ensure that the Individual Defendants were complying with the obligations to Mercer, or to ensure that Lockton was not aiding and abetting the Individual Defendants' breaches.

16.     Therefore, on February 16, 2018, I wrote the following email to Humphrey:

> Could you provide an update today? I am receiving additional information about JoAnne Steed, Jada Preston and Matt DiGregorio ignoring their obligations and soliciting our clients. They need to stand down on any communications with restricted clients and prospects. Please advise.

A true and correct copy of my February 16th email is attached as **Exhibit P**.

17.     On February 26, 2018, Rian Miller, Vice President and General Counsel for Mercer, mailed and email a letter to Humphrey in which she requested that Lockton: (1) confirm in writing that it instructed DiGregorio, Steed and Preston to cease and desist from violating their post-employment obligations to Mercer; (2) return all Mercer property in the possession of DiGregorio, Steed and Preston, including any material they shared with Lockton that contains Mercer's confidential or proprietary information; and (3) submit an affidavit from an authorized representative of Lockton, as well as affidavits from DiGregorio, Steed and Preston, affirming that all of Mercer's property has been returned and that the Individual Defendants will abide by

their Non-Solicitation and Confidentiality Agreements and will not solicit nor service any Mercer clients or prospects during the restrictive period of their agreements. A true and correct copy of the February 26, 2018 letter is attached as **Exhibit Q.**

18.    Ms. Miller ended her letter by writing, in part, "[i]f we do not hear from you by [February 27, 2018], we will assume that Mr. DiGregorio, Ms. Steed and Ms. Preston intend to continue violating their ongoing obligations to Mercer, and we will proceed accordingly. *See* Exhibit Q.

Dated: February 27, 2018
        New York, NY

_____
Jeffrey P. Rosier

5