UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MERCER HEALTH & BENEFITS LLC,

                Plaintiff,

        -against-

MATTHEW DIGREGORIO, JOANNE STEED, JADA PRESTON and LOCKTON COMPANIES, LLC,

                Defendants.

Case No.: 18 Civ. 1805 (JGK)

**REPLY DECLARATION OF A. MICHAEL WEBER**

---

**A. Michael Weber**, declares pursuant to 28 U.S.C. § 1746 and subject to the penalties of perjury that the following is true and correct:

1.      I am a Shareholder with the law firm Littler Mendelson, P.C., counsel for Plaintiff Mercer Health & Benefits LLC. ("Mercer"). I am familiar with the facts and circumstances associated with this case and make this declaration in further support of Mercer's motion for a preliminary injunction to place before the Court documents referred to, or relied upon, by Mercer in further support of its motion.

2.      By Order dated March 1, 2018, the Court entered a temporary restraining order and directed the parties to engage in expedited discovery.

3.      Thereafter, on March 9, 2018, Plaintiff took the depositions of the Individual Defendants and Lockton's Rule 30(b)(6) designee.

4.      A true and correct copy of the transcript of the March 9, 2018 deposition of Defendant Matthew DiGregorio is attached hereto as Exhibit A.

5.      True and correct copies of the exhibits marked during the March 9, 2018 deposition of Defendant Matthew DiGregorio collectively are attached hereto as Exhibit B.

6.      DiGregorio's deposition testimony was not consistent with his earlier statements in connection with this matter. In his Notice of Resignation from Mercer, DiGregorio wrote, in part, "I have performed a thorough, diligent search and have confirmed that I do not have any confidential Mercer information in my possession, electronic or otherwise." *See* Exhibit B at Exhibit π5; *see also* Exhibit A at 71.

7.      DiGregorio similarly attested in his Declaration which was submitted in opposition to Plaintiff's motion for a temporary restraining order and preliminary injunction, and during his deposition that he "did not retain any documents concerning client pricing, preferences, or renewal dates." *See* Exhibit B at Exhibit π6; *see also* Exhibit A at 88-89.

8.      DiGregorio acknowledged that between October 11, 2017 and his resignation on January 17, 2018, he sent at least twenty emails from his Mercer account to his personal email account. *See* Exhibit A at 110-55; Exhibit B at π8- π27.

9.      DiGregorio explained that he sent at least some of those emails to his personal email account because he "thought [they] would be helpful in the future if [he] decided to leave" Mercer.  *See* Exhibit A at 173.

10.      DiGregorio testified that he searched for emails he had sent from his Mercer email account to his personal email account and deleted those emails. *See* Exhibit A at 95-97.

11.      However, later in his deposition, DiGregorio admitted that at least "[a] few of [the twenty emails] exist in [his] personal email account," including the documents marked as Exhibits  π9- π12, π15,  π17, π 22, π 23, π 26 and π 27 during his deposition. *See* Exhibit A at 157-160.

12.      A true and correct copy of the transcript of the March 9, 2018 deposition of Defendant JoAnne Steed is attached hereto as Exhibit C.

13.     True and correct copies of the exhibits marked during the March 9, 2018 deposition of Defendant JoAnne Steed collectively are attached hereto as Exhibit D.

14.     A true and correct copy of the transcript of the March 9, 2018 deposition of Defendant Jada Preston is attached hereto as Exhibit E.

15.     True and correct copies of the exhibits marked during the March 9, 2018 deposition of Defendant Jada Preston collectively are attached hereto as Exhibit F.

16.     A true and correct copy of the transcript of the March 9, 2018 deposition of Manoj Sharma, designated by Defendant Lockton Companies, LLC as a witness pursuant to Fed. R. Civ. P. 30(b)(6), is attached hereto as Exhibit G.

17.     Sharma, Lockton's Rule 30(b)(6) witness, personally recruited DiGregorio beginning in September 2017. *See* Exhibit G at 12-13.

18.     Aside from Sharma, DiGregorio met with Lockton Executives Hiram Marrero, Page Crozer, Doug Hutcherson, Neil Metzheiser and Rick Elliott numerous times in September and October 2017. *See* Exhibit A at 28, 31, 43-44, 48-50; Exhibit G at 14, 16-18, 20, 29. DiGregorio also met with a "handful" of individuals in Kansas City, Missouri, where Lockton is headquartered. *See* Exhibit A at 48-50.

19.     Sharma and Marrero also recruited Steed and Preston beginning in or about November 2017. *See* Exhibit C at 31-34; Exhibit E at 22-24; Exhibit G at 31.

20.     Collectively attached hereto as Exhibit H are the LinkedIn profiles of Lockton Companies executives with whom the Individual Defendants had contact prior to their resignations from employment with Mercer (last retrieved Mar. 12, 2018).

21.     Attached as Exhibit I is a press release issued by Defendant Lockton Companies on or about September 6, 2016 concerning the appointment of Hiram Marrero as Lockton

Companies' Executive Vice President of Operations. The press release is available at: https://www.lockton.com/newsroom/post/hiram-marrero-named-as-locktons-new-executive-vice-president-of-operations (last visited Mar. 12, 2018).

22.     Attached as Exhibit J is a copy of the transcript of the March 1, 2018 temporary restraining order hearing before Judge Paul A. Engelmayer.

Dated: March 13, 2018
        New York, NY

                                        /s/ *A. Michael Weber*
                                        A. Michael Weber

Firmwide:153372239.1 059121.1099