**GOLENBOCK EISEMAN ASSOR BELL & PESKOE** LLP

ATTORNEYS AT LAW | 711 THIRD AVENUE., NEW YORK, NY 10017-4014
T   (212) 907-7300   |   F   (212) 754-0330   |   WWW.GOLENBOCK.COM

*MARTIN S. SIEGEL*
*Direct Dial No.: 212-907-7363*
*Direct Fax No.: 212-754-0330*
*Email Address: msiegel@golenbock.com*

March 15, 2018

**Via ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:  *Mercer Health & Benefits LLC v. DiGregorio*, No. 18 Civ. 1805 (JGK)

Dear Judge Koeltl:

We write on behalf of defendants in the above-captioned matter to respectfully request that the Court strike from the docket the Reply Memorandum in Further Support of its Motion for a Preliminary Injunction (Dkt. No. 22) filed by plaintiff Mercer Health & Benefits LLC ("Mercer") as well as the Reply Declaration of A. Michael Weber (Dkt. No. 33) so that the Reply and the declaration in support thereof can be re-filed with certain portions of the Reply and one exhibit to the declaration redacted.

The court may, for good cause shown issue an order to protect any party including "requiring that a trade secret or other confidential…commercial information not be revealed or be revealed only in a specified way."  Fed R. Civ. P. 26(c)(1)(G).  In connection with this action, Mercer deposed Manoj Sharma as the Rule 30(b)(6) witness for defendant Lockton Companies, LLC ("Lockton").  During the deposition, Mr. Sharma provided certain answers containing confidential commercial information concerning Lockton and its relationship with its series limited liability companies.  Due to the expedited discovery and briefing schedule, the parties have not yet had a meaningful opportunity to consider and agree upon a formal confidentiality and protective order. At the conclusion of his deposition, however, we requested that his deposition transcript be treated as confidential until we had an opportunity to review it.  Tr. 51:21-52:3.  Nevertheless, Mercer's Reply Declaration annexes Mr. Sharma's deposition transcript in its entirety as Exhibit G, and the Reply specifically cites to portions of the transcript containing that confidential information.

**Honorable John G. Koeltl**
March 15, 2018
Page 2

      Lockton, with Mercer's consent, seeks to strike the Reply and Reply Declaration from the docket so that the documents can be re-filed in redacted form removing the confidential information.  In total, Lockton is seeking permission to have eight lines from the Reply redacted as well as 28 lines from Exhibit G to the Reply Declaration.   Here, the presumption of public access is outweighed by the interest in protecting Lockton's confidential information concerning its business structure.  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2006).

      For these reasons, Lockton respectfully requests that the Court strike the Reply and Reply Declaration from the record and permit Mercer to re-file those documents in redacted form consistent with this letter.

                                 Respectfully submitted,

                                   /s/ Martin S. Siegel
                                 Martin S. Siegel

cc:   All Counsel of Record (via ECF and e-mail)

2978381.2