USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/13/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MERCER HEALTH & BENEFITS LLC,

                Plaintiff,

- against -

MATTHEW DIGREGORIO, ET AL.,

                Defendants.

---

18-cv-1805 (JGK)

MEMORANDUM OPINION
& ORDER

JOHN G. KOELTL, District Judge:

The parties filed a proposed Consent Injunction Order that modified the terms of the Court's Preliminary Injunction Order. The proposed Consent Injunction Order was conditioned on the "provisions of the Parties' Confidential Settlement and Release Agreement." The proposed Order also contained restrictions on the solicitation of clients on Exhibit A to the parties' Confidential Settlement and Release Agreement. The proposed Order provided that the Court "shall retain jurisdiction over this matter throughout the terms of this injunction."

In a telephone conference held on July 10, 2018, the Court informed the parties that the Confidential Settlement and Release Agreement must be filed on the public docket with redactions for confidential information, such as client lists, and that an unredacted copy of the Agreement must be filed under seal. The parties agreed to this arrangement during the telephone conference. The next day, the parties filed a letter

(Dkt. No. 79) requesting to file the Confidential Settlement and Release Agreement entirely under seal with no version available on the public docket.

The parties have failed to make an adequate showing that their Confidential Settlement and Release Agreement should be filed entirely under seal. The parties' finalized Agreement, for which they ask the Court to retain jurisdiction to enforce and which is a condition of the proposed Consent Injunction Order, is a judicial document and therefore subject to a presumption of public access. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]o be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." (internal quotation marks omitted)). The Confidential Settlement and Release Agreement is an ongoing condition of a Court Order that the parties have asked the Court to retain jurisdiction to enforce. The parties have failed to identify countervailing factors beyond their "intention and understanding" that the agreement would remain confidential. That is insufficient to overcome the presumption of access. See In re Sept. 11 Litig., 723 F. Supp. 2d 526, 532-33 (S.D.N.Y. 2010) (unsealing settlement documents even though "the parties claim[ed] that the settlement might not have occurred without a condition of confidentiality" because "the final settlement would be subject

2

to 'a proceeding in open court, and the document sought to be acted upon by the judicial power . . . must become a public record'" (quoting United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 856-57 (2d Cir. 1998)).

The parties are directed to file by **July 16, 2018**, (1) a copy of the Confidential Settlement and Release Agreement on the public docket with redactions for client lists and any other information for which the parties can make a compelling showing of the need for confidentiality, and (2) an unredacted copy of the Confidential Settlement and Release Agreement under seal.

The Clerk is directed to close the motion at docket number 79.

**SO ORDERED.**

**Dated:**     **New York, New York**
               **July 13, 2018**

                                                 John G. Koeltl
                                        **United States District Judge**